UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**In re:**

**NICOLE M. BAKER,**

**1:12-CV-445 (NAM)**
**Bkr. Case 12-10143**

       **Appellant**.

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Richard Croak, Esq.
314 Great Oaks Blvd
Albany, New York 12203
Attorney for Appellant

Leigh A. Hoffman, Esq.
Deily, Mooney & Glastetter, LLP
8 Thurlow Terrace
Albany, New York 12203-1006
Attorney for Kenneth Salamone, creditor

Andrea E. Celli, Esq.
Office of the Chapter 13 Trustee - Albany
7 Southwoods Boulevard, 1st Floor
Albany, New York 12211
Chapter 13 Trustee

Tracy Hope Davis, Esq.
Office of the United States Trustee
74 Chapel Street, Suite 200
Albany, New York 12207
United States Trustee

**Hon. Norman A. Mordue, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

The appellant, debtor in the underlying Chapter 13 bankruptcy case (Bkr. Case No. 12-10143), appeals from the March 7, 2012 order of United States Bankruptcy Judge Littlefield relieving respondent from the automatic stay and permitting respondent to proceed to foreclose his second mortgage on appellant's property, Lakeside Lodge and Grill ("Lakeside") in Bolton Landing, New York.  Respondent obtained a judgment of foreclosure from New York State

Supreme Court Justice John S. Hall.  Judge Littlefield's March 7, 2012 order denied a stay of the foreclosure action pending appeal to this Court and denied the automatic stay of Rule 4001(a)(3) of Fed. Rules of Bankruptcy Procedure.

On March 13, 2012, in the context of this appeal, appellant moved before this Court (Dkt. No. 1) for a temporary restraining order staying the foreclosure sale pending this Court's determination of the appeal.  At oral argument on March 14, 2012, this Court learned that, on March 13, 2012, Judge Hall had granted a stay of the foreclosure sale, then scheduled for March 15, 2012.  This Court denied the stay application as moot.

On April 6, 2012, appellant filed the motion now before the Court (Dkt. No. 10), seeking a temporary restraining order staying the foreclosure sale.  Appellant submits the order of Judge Robert J. Muller, signed April 5, 2012, vacating Judge Hall's March 13, 2012 stay.  This Court issued an expedited briefing schedule (Dkt. No. 12).  In his responding papers, respondent points out that both Judges Littlefield and Muller have reviewed the matter and denied a stay. Respondent also argues:

> If the [foreclosure] process is further hindered or delayed by a stay pending appeal, Appellee risks losing potential purchasers for the Premises who are interested only if they can take possession of the Premises and arrange for operation of business prior to the commencement of the 2012 summer season in Lake George. If Appellant's motion for a stay is granted and she is allowed to further delay the inevitable, pending foreclosure, the likelihood of Appellee to secure a purchaser greatly diminishes, since any potential purchaser will likely lose interest in the Premises as the summer season will likely be over and they will be faced with carrying a property through the winter.

To be entitled to a temporary restraining order or preliminary injunction, the movant must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of

hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010). To show irreparable harm, the movant must establish a likely injury "that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks omitted). The "serious questions" standard permits a court to grant temporary relief where "it cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claims, but where the costs outweigh the benefits of not granting the injunction." *Citigroup*, 598 F.3d at 35.

This Court is well aware that preliminary injunctive relief "is an extraordinary remedy that should not be granted as a routine matter." *JSG Trading Corp. v. Tray-Wrap, Inc*., 917 F.2d 75, 80 (2d Cir. 1990). The Court finds, however, that the foreclosure sale must be enjoined until the appeal is fully briefed and the Court has an opportunity to consider the arguments and the record. Appellant has demonstrated irreparable harm; once the foreclosure sale goes forward, she will lose her property and the business she operates thereon. Appellant avers that Lakeside is her sole means of support and that the business employs seventeen people, who would lose their employment. This harm is actual and imminent. It cannot be remedied once it occurs, and no monetary award can compensate for it. *See id.* at 79.

Appellant has raised sufficiently raised serious questions in her challenges to Judge Littlefield's decision. On the issue of hardship, the Court takes into account respondent's legitimate concern that spring is the optimal time to sell this seasonal property. Nevertheless, the balance of hardships weighs in favor of granting a stay of foreclosure, because without the stay,

appellant will lose her business and income. Accordingly, the Court grants appellant's motion (Dkt. No. 1) for a temporary restraining order. The stay of foreclosure is granted pending further order of this Court.

In order to ameliorate the hardship the temporary restraining order will impose on respondent, the Court intends to issue a decision on appellant's appeal from Judge Littlefield's March 7, 2012 order no later than the end of the day on April 27, 2012.

Appellant is directed to file with this Court all papers underlying the State court orders in this matter, including the initial mortgage foreclosure judgment, the order granting the stay, and the order vacating the stay. The filing date for appellant's reply brief on the merits of the appeal is April 25, 2012.

It is therefore

ORDERED that appellant is granted a temporary restraining order restraining the foreclosure sale of Lakeside Lodge and Grill ("Lakeside") in Bolton Landing, New York until further order of this Court; and it is further

ORDERED that appellant is directed to file all the papers underlying Judge Hall's orders in this matter; and it is further

ORDERED that appellant shall electronically serve this order and all relevant papers herein on all parties to this appeal no later than 5:00 p.m. today.

IT IS SO ORDERED.

Dated: April 17, 2012

_____
Honorable Norman A. Mordue
U.S. District Judge